LAC LEASING CORPORATION, Respondent, v. DUTCHESS AERO, INC., et al., Appellants.— In an action for a declaratory judgment, defendants appeal from an order of the Supreme Court, Dutchess County, dated February 24, 1969, which denied their motion (1) to dismiss the complaint on the ground that the court has no jurisdiction of the persons of defendants (CPLR 3211, subd. [a], par. 8) or, (2) in the alternative, to dismiss the complaint as to the individual defendants on the ground that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Order modified, on the law as to defendant Theodore Lafko and on the law and the facts as to defendant Fred Lafko, (1) by striking out the words "in all respects" in the decretal paragraph thereof, which paragraph states that the motion "is in all respects denied", and (2) by adding, after the word "denied", the following: "as to defendants Dutchess Aero, Inc. and Dutchess County Aviation Inc. and granted as to defendants Theodore Lafko and Fred Lafko on the ground that the complaint fails to state a cause of action and on the further ground as to defendant Fred Lafko that the court does not have jurisdiction of his person." As so modified, order affirmed, without costs. In our opinion, the service of a single copy of the summons and complaint upon the individual defendant, Theodore Lafko, who was also an officer and manager, respectively, of the defendant corporations, was sufficient service on the corporations and on himself as an individual defendant (*Port Chester Elec. Co.* v. *Ronbed Corp.,*

28 A D 2d 1008). Furthermore, defendant Theodore Lafko's admission of service in his answering affidavit precludes defendants from asserting that there was no adequate proof of service on the corporations and Theodore Lafko (CPLR 306; cf. *Erickson* v. *Robison,* 282 App. Div. 574, 577). To the extent, however, that the motion sought to dismiss the complaint as to the individual defendants, it should have been granted. The complaint fails to state a cause of action as to the individuals (*Salzman Sign Co.* v. *Beck,* 11 A D 2d 1068, affd. 10 N Y 2d 63). In any event, as to defendant Fred Lafko, plaintiff conceded that there was no service of process upon him and, as to him, the action should have been dismissed. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.