■ KEVIN J. COLLINS, Respondent, v BERTRAM YACHT CORP., a Division of Whittaker Corporation, et al., Appellants.—Order, Supreme Court, New York County, entered September 25, 1975, which vacated a judgment entered December 22, 1972, dismissing the complaint, granted a discontinuance of the action and directed that plaintiff's counsel pay the defendants' costs in the sum of $250, unanimously reversed, on the facts and the law, without costs and without disbursements, and the plaintiff's motion to vacate the judgment denied and the judgment declared to be on the merits under New York law. The defendants obtained summary judgment dismissing the complaint when the plaintiff failed to appear on the return of the motion. When the judgment was entered, the clerk struck from it the words "on the merits". More than a year later the plaintiff moved under CPLR 5015 to vacate the judgment on the ground of the defendants' fraud or, in the alternative, for a declaration that the judgment was not one on the merits. The Special Term properly granted neither relief. There was no fraud alleged either in the procurement of the judgment (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.08) or in the transaction underlying the suit (par 5015.09). The fraud alleged, namely, that these defendants, in a Florida action between the same parties, represented that the judgment obtained here was on the merits, was actually a correct statement of New York law. Summary judgment, being the procedural equivalent of a trial (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338), is on the merits, and a judgment by default bars another action for the same relief (*Jasper v Rozinski,* 228 NY 349; *Parker v Hoefer,* 2 NY2d 612, cert den 355 US 833; *Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962; *Walston & Co. v Klein,* 44 Misc 2d 607, affd 24 AD2d 559). The clerk's striking "on the merits" was a ministerial act, not a judicial assessment of the legal effect of the judgment. (See 49 NY Jur, Records and Recording Acts, § 12.) The court has inherent power to relieve from judgments for circumstances beyond the confines of CPLR 5015 (*Ladd v Stevenson,* 112 NY 325), but the relief fashioned here by Special Term exceeded the prayer of the petition and was not justified by the plaintiff's conduct in this action. His summary judgment default was not inadvertent; it was part of a pattern of default. He failed to serve the bill of particulars when demanded and he failed to serve it when his time was extended. He even failed to oppose an application for a final order of preclusion. While he attributes these defaults to a desire to discontinue the action, he admits that he knew at all times that the defendants would not consent and intended to proceed against him. Nonetheless, he hoped that his successive defaults here would enable him to proceed on the merits in the action for the same relief he had later started in Florida. The interests of justice should not serve to rescue the plaintiff from a legal stratagem that has backfired. Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Lynch, JJ.