■ PAUL MORRISSEY, Appellant-Respondent, v SOSTAR, S. A., et al., Defendants, and CARLO PONTI, Respondent-Appellant.—Order of the Supreme Court, New York County, entered February 2, 1977, which, *inter alia,* vacated order of January 4, 1977 that directed an inquest on the basis of defendant Ponti's default in appearing and answering and, further, directed plaintiff to accept defendant Ponti's answer and upheld jurisdiction over defendant Ponti, unanimously modified, on the law and on the facts, by denying vacatur, deleting the direction that plaintiff accept defendant Ponti's answer and reinstating the order of January 4, 1977 including the direction for an inquest and assessment of damages and otherwise affirmed, with $40 costs and disbursements of this appeal to plaintiff-appellant payable by defendant-respondent. Defendant Ponti not only failed to show a valid reason to excuse his default but failed to submit a satisfactory affidavit of merits to warrant vacatur of his default *(Cohen v Levy,* 50 AD2d 1039;

*Foos v Tripet Constr. Co.,* 25 AD2d 614, 615; see *Collins v Bertram Yacht Corp.,* 53 AD2d 527, affd 42 NY2d 1033; see, also, *Abrams v Abrams,* 56 AD2d 775). The meetings of plaintiff and defendant Ponti in New York to discuss the making of the motion pictures, negotiations in New York by their attorneys leading to the execution of the contract, and the fact that the motion pictures were advertised and exhibited in New York provided a basis for personal jurisdiction over defendant Ponti *(Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17; *Reiner & Co. v Schwartz,* 41 NY2d 648, 651, 652; CPLR 302, subd [a], par 1). Personal jurisdiction was obtained over defendant Ponti by substituted service. As appears from the process server's affidavit of August 26, 1976, summons and complaint were served upon defendant Ponti on that date at his residence in Paris, France, by delivery and mailing in the manner prescribed by CPLR 308 (subd 2). The contents of that affidavit substantially complied with the requirements of said rule and in accordance therewith, service of process was complete 10 days after the filing of the affidavit on September 8, 1976 (CPLR 308, subd 2). Jurisdiction effected over defendant Ponti was not invalidated by failure of the affidavit of August 26, 1976 to show full compliance with CPLR 313 *(Lambert v Lambert,* 270 NY 422, 427; *Mrwik v Mrwik,* 49 AD2d 750, 751). The fact of service conferred jurisdiction. Once proper service was made, any deficiency in the affidavit did not take away jurisdiction which was obtained *(Air Conditioning Training Corp. v Pirrote,* 270 App Div 391, 393). The supplemental affidavit of the process server, which furnished the information required by CPLR 313 as to his authority to serve process in France and, further, removed any doubt that he delivered and mailed the summons and complaint on August 26, 1976 (CPLR 308, subd 2), should have been received in evidence by the referee at the hearing, without requiring the process server's testimony *(Jacobs v Zurich Ins. Co.,* 53 AD2d 524; CPLR 306, subd [d]). Such affidavit, appearing in the record, is accepted by this court *nunc pro tunc* as supplemental proof of service (see CPLR 305, subd [c]). Defendant Ponti concedes that he received actual notice of the summons and complaint several weeks after service thereof. As he failed to answer within the prescribed statutory period, he was in default. It cannot be said that the acceptance by this court of the supplemental affidavit at this time results in prejudice to a substantial right of defendant Ponti (CPLR 305, subd [c]). The dispute between the parties is, essentially, whether any profits were made in the distribution and exhibition of the motion pictures. The conflicting claims of the parties on that issue can be determined at the assessment provided for in the order of January 4, 1977. Concur—Kupferman, J. P., Lupiano, Birns, Evans and Sullivan, JJ.