■ FRANCISCO P. RAMOS et al., Appellants, v MARTIN T. DEMOND, SR. et al., Appellants, and AETNA CASUALTY &

SURETY COMPANY et al., Respondents.—In an action for a judgment declaring that the defendant the Aetna Casualty & Surety Company, is obliged under a homeowner's insurance policy issued to the defendants Martin T. DeMond, Sr., and Zenobia C. DeMond, to pay any judgment which may be rendered against the DeMonds, their agents, servants and employees in a pending wrongful death and personal injury action arising out of injuries allegedly caused to the plaintiffs by a fire at the insured premises, the plaintiffs and the defendants Martin T. DeMond, Sr., Zenobia C. DeMond, Martin T. DeMond, Jr., and Cuddeback, Onofry & Schadt, separately appeal from a judgment of the Supreme Court, Orange County (Ritter, J.), dated October 7, 1985, which, after a nonjury trial, declared that: (1) the defendant the Aetna Casualty & Surety Company was not an insurer of the subject premises on April 22, 1980, the date of the alleged fire, and (2) the Aetna Casualty & Surety Company owes no duty or obligation to defend and indemnify Martin T. DeMond Sr. and Zenobia C. DeMond in the plaintiffs' action to recover damages for wrongful death and personal injuries.

Ordered that, on the plaintiffs' appeal, the judgment is affirmed, with costs payable by the plaintiffs to the defendants-respondents the Aetna Casualty & Surety Company and William S. Carroll Agency, Inc.; and it is further,

Ordered that the appeal by the defendants Martin T. DeMond, Sr., Zenobia C. DeMond, Martin T. DeMond, Jr., and Cuddeback, Onofry & Schadt, is dismissed, without costs or disbursements, as abandoned.

Under the homeowner's insurance policy issued by the Aetna Casualty & Surety Company (hereinafter Aetna) to Martin T. DeMond, Sr., and Zenobia C. DeMond, Aetna was required to give them five days' written notice prior to cancellation. The trial court properly concluded that Aetna satisfied its burden of establishing that the notice of cancellation which stated that it was mailed on June 19, 1979, was in fact delivered to the insureds shortly thereafter, well in advance of the alleged fire at the subject premises on or about April 22, 1980. The testimony by Ralph Potter, Aetna's employee in charge of the billing and collection of premiums on "direct billed" homeowner's policies such as the DeMonds', clearly set forth the regular practice followed by his office in June 1979 for producing and sending out notices of cancellation. This procedure, which involved *inter alia,* the checking by a post-office employee that *all* the names and addresses of policyholders on a mailing list provided by Aetna appeared on the

envelopes containing the notices of cancellation, ensured the likelihood that a notice of cancellation would always be properly addressed and mailed. This proof raised the presumption that the notice of cancellation sent to the DeMonds was in fact received by them shortly after June 19, 1979 *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830; *Matter of Lumbermens Mut. Cas. Co. v Medina,* 114 AD2d 959, 960-961). The plaintiffs and the insureds failed to rebut this presumption by presenting evidence that this procedure was either not followed or carelessly followed in the instant case *(see, Nassau Ins. Co. v Murray, supra,* at 830).

The trial court further correctly exercised its discretion under CPLR 3126 by denying the plaintiffs' application to exclude from evidence two documents which Aetna should have provided pursuant to a pretrial discovery request. The court correctly concluded that since this failure to disclose was not "wilfull", but had rather been the result of a form of negligent "law office and claims adjuster failure", exclusion of the documents in question from evidence pursuant to CPLR 3126 (2) was unwarranted *(see, Donner v 50 Tom Corp.,* 99 AD2d 504; *Plainview Assocs. v Miconics Indus.,* 90 AD2d 825). Moreover, the trial court's offer to the plaintiffs' counsel of an adjournment to allow him to undertake any investigative actions he wished with regard to these previously undisclosed documents, and to then have a further opportunity to cross-examine Mr. Potter, abated any unfair prejudicial impact which their introduction into evidence may have had. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.