■ In the Matter of ANDREW RAPUZZI, Appellant, v CITY OF NEW YORK, CIVIL SERVICE COMMISSION, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondents finding the petitioner unqualified to serve as a sanitation worker, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated August 30, 1988, which dismissed the proceeding as time barred.

Ordered that the judgment is affirmed, with costs.

The affidavit of an office aide at the respondent City of New York, Civil Service Commission (hereinafter the Commission),

outlining the procedure she followed with respect to notifying applicants of the Commission's determinations and attesting to the fact that such procedure was followed with respect to the Commission's February 10, 1987 determination regarding the petitioner, created a presumption of the petitioner's receipt of such determination (see, Nassau Ins. Co. v Murray, 46 NY2d 828; Ramos v DeMond, 127 AD2d 751; Matter of T. J. Gulf, Inc. v New York State Tax Commn., 124 AD2d 314). The petitioner's denial of receipt of the determination, without more, is insufficient to rebut that presumption (see, Nassau Ins. Co. v Murray, supra; Ramos v DeMond, supra; see also, Engel v Lichterman, 62 NY2d 943).

Moreover, the respondents' reconsideration of the petitioner's application in light of a subsequently decided case did not serve to toll or revive the already expired Statute of Limitations (see, Matter of Lubin v Board of Educ., 60 NY2d 974, cert denied 469 US 823; Matter of De Milio v Borghard, 55 NY2d 216; cf., Matter of Corbisiero v New York State Tax Commn., 82 AD2d 990, affd 56 NY2d 680; Matter of Camperlengo v State Liq. Auth., 16 AD2d 342). Nor was the letter granting the petitioner's request for reconsideration so ambiguous as to have led the petitioner to believe that the respondents were going to conduct a "fresh, complete and unlimited examination into the merits" with respect thereto (Matter of Camperlengo v State Liq. Auth., supra, at 344; see also, Matter of Corbisiero v New York State Tax Commn., supra).

Thus, this proceeding was properly dismissed as untimely. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.