■ In the Matter of T.E.A. MARINE AUTOMOTIVE CORP. et al., Respondents, v JOHN V. SCADUTO et al., Respondents, and DANIEL H. DEEKS, Appellant.—In a proceeding pursuant to CPLR article 78 to set aside a tax deed and for related relief, the transferee of the tax deed, Daniel Hiram Deeks appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Henderson, J.), dated September 5, 1990, as, upon granting leave to renew and to reargue his opposition to the petition, adhered to the determination in an order and judgment (one paper) of the same court, entered January 31, 1990, granting the petition.

Ordered that the branch of the petition which is against the appellant is converted into an action to determine adverse claims to real property *(see,* RPAPL art 15; CPLR 103 [c]) and that branch of the petition which is against the remaining respondents is converted into an action for a declaratory judgment, with the petition deemed a complaint; and it is further,

Ordered that the appeal is held in abeyance, the matter is remitted to the Supreme Court, Nassau County, to hear and report on the issue of whether either T.E.A. Marine Automotive Corp. or Edward H. Akam were given notice of the tax lien sale by any means other than publication, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

On February 17, 1987, the appellant Daniel Hiram Deeks purchased tax lien certificate Number 860 relating to certain property owned by petitioner T.E.A. Marine Automotive Corp. Twenty-one months later, the appellant served the petitioner T.E.A. Marine Automotive Corp. with a "notice to redeem" dated November 17, 1988. On March 10, 1989, the Treasurer of Nassau County issued a tax deed to the appellant.

T.E.A. Marine Automotive Corp. and Edward Akam, d/b/a A & P Automotive Enterprises commenced the instant matter by service of an order to show cause dated October 5, 1989, and petition dated October 4, 1989. They sought multifaceted relief, including a provision "directing [the Treasurer of the County of Nassau] to permit petitioners * * * to redeem the tax lien against the [subject] property". They sought, in effect,

to divest the appellant of his title to the property in question. In support of their request for relief, they alleged that Edward H. Akam, who is the president of T.E.A. Marine Automotive Corp., had occupied the premises for over 10 years. They claimed that Mr. Akam had not been served with a copy of the notice to redeem. They also claimed that the appellant's service of a notice to redeem was defective because it was improperly addressed to T.E.A. Marine Automotive rather than to T.E.A. Marine Automotive Corp.

In addition to the foregoing, T.E.A. Marine Automotive Corp. and Edward H. Akam claimed that "[t]he only notice [they had been given] prior to the tax sale was by publication". They asserted that this violated their right to receive notice "reasonably calculated" to apprise them of the impending tax sale.

In a verified answer dated November 3, 1989, the Treasurer of the County of Nassau and the Clerk of the County of Nassau denied all of the material allegations of the petition. The Nassau County respondents (who have not appeared on the present appeal) specifically denied that the only notice given prior to the tax sale had been by way of publication, and asserted that "actual notice of the tax lien sale was served on the taxpayer prior to the subject tax lien sale of February 17, 1987". In support of this latter assertion, the Nassau County respondents annexed to their answer a computer printout indicating that a letter dated November 18, 1986, had been sent to Mr. Akam at an address given as 46 South Bayles Avenue, Port Washington, New York.

The appellant served an answer which likewise denied the material allegations of the petition. He averred that he had served "the appropriate notice to redeem" on the petitioners, noting that the petition itself included a copy of that document as an exhibit. The appellant also asserted "upon information and belief" that an actual notice of the tax sale had been mailed to Mr. Akam at his last known address.

In an order and judgment (one paper) entered January 3, 1990, the Supreme Court granted the petition. In its decision, the court stated that T.E.A. Marine Automotive Corp. had been deprived of its right to actual notice of the tax lien sale, and that Mr. Akam had been deprived of his right to a copy of the subsequent notice to redeem. In holding that T.E.A. Marine Automotive Corp. had been entitled to prior notice of the tax lien sale, the court relied upon the decision of the Court of Appeals in *Matter of McCann v Scaduto* (71 NY2d 164), which

was handed down after the tax lien sale in the present case had taken place.

On April 20, 1990, the appellant moved for reargument and renewal. In connection with this motion, he produced a "return receipt card" which bore Mr. Akam's signature, and which reflected delivery of mail to "Fourty *[sic]* Munson Corp., 40 Munson Street, Port Washington, New York". He also produced a second return receipt card, again bearing Mr. Akam's signature, which reflected the delivery of mail to "T.E.A. Marine Automotive" at the same address. These cards, according to the appellant, reflect delivery of the notice to redeem on November 18, 1988, at 40 Munson Place in Port Washington. In his opposition to this motion, Mr. Akam did not deny that the signatures which appeared on the return receipt cards were his.

The court, in an order dated September 5, 1990, granted reargument and renewal, considered the additional materials submitted, and adhered to the original determination.

The appellant's first argument on appeal is based on the fact that the tax lien sale in the present case occurred several months before December 23, 1987, the date that the Court of Appeals handed down its decision in *Matter of McCann v Scaduto* (71 NY2d 164, *supra*). In *McCann (supra)*, the Court of Appeals held that the provision of the Nassau County Administrative Code which permitted landowners to be notified of impending tax lien sales by way of publication only, violated constitutional principles of due process. The Supreme Court, in its decision under review in this case, relied on *McCann* in holding that T.E.A. Marine Automotive Corp. had not been given proper notice of the tax lien sale.

The appellant argues that the Supreme Court erred in applying the holding of the *McCann* case retroactively to the facts of the present case. The appellant emphasizes that the *McCann* court itself stated that the rule announced in that case should not be applied retroactively *(see, Matter of McCann v Scaduto, supra*, at 178). In arguing that the Supreme Court wrongly applied the *McCann* decision retroactively, the appellant focuses on the fact that the tax lien sale in the present case occurred several months *before* the date that *McCann* was handed down. T.E.A. Marine Automotive Corp. and Mr. Akam argue that the court did *not* apply *McCann* retroactively, focusing on the fact that the tax deed itself was not issued to the appellant until *after* the date that *McCann* was handed down.

We find it unnecessary to resolve the issue of the applicability of the *McCann* case for one basic reason. As outlined above, the papers submitted by the parties do not establish that the only notice of the tax lien sale given by the County Treasurer was in fact by way of publication. The County Treasurer, in his answer, denied the allegation to that effect, and also produced proof that actual notice was in fact mailed to Mr. Akam on November 18, 1986. The Supreme Court erred in overlooking the sharp issue of fact created by this conflict in the assertions of the parties:

"As a general rule of evidence, proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee *(Trusts & Guar. Co. v Barnhardt,* 270 NY 350; *New York New Jersey Producers Dealers Coop. v Mocker,* 59 AD2d 970; 57 NY Jur 2d, Evidence and Witnesses, § 158). A conclusory denial of receipt by the addressee, coupled with speculation that the transmission was lost in the mail, is ordinarily insufficient to rebut the presumption of delivery" *(Rosa v Board of Examiners,* 143 AD2d 351, 352, citing *Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943).

In the present case, the County produced no affidavit of service specifically relating to the notice of tax lien sale alleged to have been sent to Mr. Akam in November 1986; however, the County did produce evidence sufficient to raise a question of fact as to whether such a notice was mailed in accordance with regular office procedure *(see generally, Matter of Rapuzzi v City of New York, Civ. Serv. Commn.,* 161 AD2d 715 [testimony of municipal employee as to procedure for mailing notices of determination created presumption of delivery]; *see also, Nassau Ins. Co. v Murray,* 46 NY2d 828; *Ramos v DeMond,* 127 AD2d 751 [testimony of company employee as to procedure for mailing notices of cancellation created presumption of delivery]). Under these circumstances, a hearing is necessary for a reliable finding of fact as to whether the only notice of the tax lien sale was by way of publication. It is only in the event that notice was given by publication alone, or by some equally defective method, that the court need decide whether the *McCann* rule *(supra)* should be applied.

The record before the Court of Appeals in *Matter of McCann v Scaduto (supra,* at 171) showed that "[n]o actual notice of the tax lien sale [had been] furnished to [the] owner". The only notice of the tax lien sale in *McCann* had been given by publication. This was regarded as the virtual equivalent of giving no notice at all. The majority held that the absence of

actual notice deprived the petitioners in *McCann* of due process, notwithstanding the fact that, as in the present case, the petitioners had received a notice to redeem before suffering a deprivation of their interest in their property. The *McCann* court did not decide, and did not have to decide, whether it would constitute a deprivation of due process if, in addition to having later received the notice to redeem, the property owner had also been given earlier notice by mail of the tax lien sale.

There are, in fact, certain statements in the text of the *McCann* decision itself which highlight this point. The court stated, for example, that "where the owner's name and address are known, due process requires that actual notice [as opposed to notice by publication] be given", and that such a requirement would impose a "negligible cost" on the County *(Matter of McCann v Scaduto, supra,* at 176-177). Similarly, in *Matter of ISCA Enters. v City of New York* (77 NY2d 688, *cert denied* — US —, 117 L Ed 2d 492), the court upheld a procedure whereby landowners would receive notice by mail sent to the address appearing on the last annual record of assessed valuations. Thus, it is clear that the holding of *McCann* does not necessarily extend to a case where the property owner was furnished with notice of the impending tax lien sale by mail, at his last known address. Whether such service was made in this case is an unresolved question of fact.

The appellant's second argument is that the court erred in holding that Mr. Akam was never served with a copy of the notice to redeem. This argument is well founded for the simple reason that the record clearly shows that Mr. Akam was in fact served with multiple copies of the notice to redeem. His signature appears on postal records by which he acknowledged receipt of the notices to redeem which had been addressed both to the petitioner T.E.A. Marine Automotive and to Fourty *[sic]* Munson Corp., the predecessor in title of the petitioner T.E.A. Marine Automotive Corp. Mr. Akam's claim of nonservice seems to be based on the fact that his name was not actually indicated as an addressee on the envelope in which these documents were delivered to him. The general rule is that service of a single document upon an officer of a corporation constitutes service upon the corporation itself as well as upon the individual officer, provided that there has been simultaneous compliance with the statutes governing both corporations (CPLR 311) and individuals (CPLR 308) *(see, Lakeside Concrete Corp. v Pine Hollow Bldg.*

*Corp.,* 104 AD2d 551, *affd* 65 NY2d 865; *see also, Siegel v Obes,* 112 AD2d 930; *Port Chester Elec. Co. v Ronbed Corp.,* 28 AD2d 1008; *Lac Leasing Corp. v Dutchess Aero,* 32 AD2d 949). In the present case, there has been compliance with the terms of the Nassau County Administrative Code, both with respect to Mr. Akam, who actually received the notices to redeem, and the corporation of which he is an officer.

The appellant's third argument is that the present matter is time-barred *(see,* CPLR 217 [four-month statute of limitations applicable to proceeding pursuant to CPLR article 78]). If this matter is viewed as seeking a judgment declaring the notice provisions of the Nassau County Administrative Code unconstitutional as applied, then it would properly be considered an action for declaratory judgment *(see, Matter of McCann v Scaduto, supra,* at 178). If this matter is viewed as based upon a claim that the appellant's title is defective because the provisions of the Nassau County Administrative Code were not observed, then it would properly be deemed an action to determine adverse claims to real property pursuant to RPAPL article 15 *(see, Bertucci v Tuohey,* 162 AD2d 428). In either event, the matter was timely commenced, since Nassau County Administrative Code § 5-54.0 (a) (3) provides that the presumption of regularity with respect to notice given by the tax lien holder to the owner becomes conclusive only after six years.

In accordance with the foregoing, the matter should be remitted to the Supreme Court, Nassau County, for a hearing as to whether either T.E.A. Marine Automotive Corp. or Edward H. Akam were given notice of the impending tax lien sale by any means other than publication. Upon the conclusion of the hearing, the Supreme Court shall make a specific finding of fact as to whether or not publication was the sole method by which notice of a tax lien sale was provided, and whatever other methods, if any, were employed, and shall file its report with this court. The appeal is held in abeyance in the interim. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.