Gregory BUTTLER, Plaintiff,

v.

K.S. KELLER, Warden, FCI Ray Brook, Defendant.

No. 96–CV–1176 (RSP).

United States District Court, N.D. New York.

Oct. 21, 1996.

Gregory Buttler, Minersville, Pennsylvania, Plaintiff Pro Se.

**10**

Thomas J. Maroney, United States Attorney for the Northern District of New York, Albany, New York, for Defendant (Barbara D. Cottrell, Assistant U.S. Attorney, of counsel).

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

In an Order and Report–Recommendation filed September 16, 1996, I ordered, *inter alia*, that the United States Marshal serve the defendant herein with the summons and complaint in this action. Docket No. 3. The action, brought pro se and in forma pauperis by a federal prison inmate against his former warden, alleges a failure to prevent an assault and related claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On October 10, 1996, defendant acknowledged in writing receipt by mail of the summons and complaint.

 By letter dated October 17, 1996, counsel for defendant advised that the service of process on defendant had been completed in his official capacity only. As the complaint also seeks recovery of damages against defendant in his individual capacity, defendant contends that he must be separately and personally served a second time to establish personal jurisdiction in his individual capacity. Defendant seeks an extension of time to respond to the complaint to permit plaintiff to complete service on defendant in his individual capacity.

Under Fed.R.Civ.P. 4(e)(1), service upon an individual within the United States may be completed "pursuant to the law of the state in which the district court is located." New York law permits personal service upon individuals by mail. N.Y.C.P.L.R. 312–a (McKinney Supp.1996). Defendant has acknowledged receipt of the summons and complaint in accordance with section 312–a.

Defendant's contention that he must now be served a second time to complete service in his individual capacity is without merit. First, his acknowledgment of service dated October 10, 1996 gives no indication that defendant accepted service only in his official capacity. In accordance with section 312–a(d), that form contains a space in which defendant could have so indicated. Defendant left that line blank, indicating by the omission that he accepted service as an individual rather than as an official.

Second, service was completed here by mail in accordance with state law as authorized by Fed.R.Civ.P. 4(e)(1). Under New York case law, it is well settled that a single service of process upon an individual sued in both his individual and representative capacities suffices to establish personal jurisdiction in both capacities. *See Brown v. Sagamore Hotel*, 184 A.D.2d 47, 49, 590 N.Y.S.2d 934, 935 (3d Dep't 1992) (service of process upon partner once sufficed for service both in "individual" and representative capacities); *Lac Leasing Corp. v. Dutchess Aero, Inc.*, 32 A.D.2d 949, 303 N.Y.S.2d 723, 724 (2d Dep't 1969) ("the service of a single copy of the summons and complaint upon the individual defendant ... was sufficient service on the corporations and on himself as an individual defendant....").

For these reasons defendant's contention that he must be served a second time to effect personal jurisdiction in his individual capacity is rejected.[1] Accordingly, it is hereby

**ORDERED** that defendant's request for an extension of time is **DENIED;** and

**IT IS FURTHER ORDERED** that defendant shall answer or otherwise move with respect to the complaint on or before November 4, 1996.

1. It is unclear from counsel's letter whether defendant contends that only personal delivery of the summons and complaint will be accepted as personal service. As discussed above, New York law permits personal service by mail. New York law further authorizes the assessment of costs against a defendant for the costs incurred in completing service by alternate means, including personal delivery, if a defendant refuses to acknowledge receipt by mail of a summons and complaint. *See* N.Y.C.P.L.R. 312–a(d) & (f); *see also* Fed.R.Civ.P. 4(d)(2).