■ In the Matter of McGLASSON REALTY, INC., Appellant, v TOWN OF GREENBURGH ZONING BOARD OF APPEALS, Respondent. [671 NYS2d 340] —In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent Town of Greenburgh Zoning Board of Appeals, dated February 27, 1997, which, after a hearing, reopened the public hearings upon which the petitioner's variance had been granted, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered May 20, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determination is annulled.

Following several public hearings the petitioner was granted a variance to develop its property into two parcels. More than one year later, based upon a letter on behalf of various landowners claiming that their properties directly abutted the petitioner's property and that they were not given written notification of the public hearings, the Town of Greenburgh Zoning Board of Appeals (hereinafter the Zoning Board) held a hearing to determine whether the public hearings should be reopened. The Zoning Board determined that the public hearings should be reopened, and the petitioner commenced the instant proceeding to annul that determination. The Supreme Court denied the petition. We reverse.

The evidence before the Zoning Board established that the adjoining landowners were provided with proper and timely-mailed notices of the public hearings conducted in connection with the petitioner's application for a variance. The landowners' contentions to the contrary were conclusory and insufficient to rebut the presumption of notice which arose in this matter (*see, e.g., Matter of T.E.A. Mar. Automotive Corp. v Sca-*

*duto,* 181 AD2d 776, 779; *Rosa v Board of Examiners,* 143 AD2d 351; *Matter of Rapuzzi v City of N. Y. Civ. Serv. Commn.,* 161 AD2d 715, 715-716; *see also, Facey v Heyward,* 244 AD2d 452; *Matter of Panama Leasing Co. v Division of Hous. & Community Renewal,* 237 AD2d 444; *cf., Nassau Ins. Co. v Murray,* 46 NY2d 828, 829). Inasmuch as there was no substantial evidence supporting the Zoning Board's decision to reopen the public hearings, the petitioner's application to annul the Zoning Board's determination should have been granted. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.