■ In the Matter of AMADA RODRIGUEZ, Petitioner, v BRIAN WING et al., Respondents. [673 NYS2d 734] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Social Services, dated April 5, 1996, which, after a fair hearing, affirmed a determination of the New York City Human Resources Administration, dated February 3, 1996, to discontinue the petitioner's public assistance benefits on the ground that the petitioner, without good cause, failed to appear at a scheduled medical appointment for evaluation of her status as "temporarily unemployable".

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the instant proceeding was properly transferred to this Court pursuant to CPLR 7804 (g) because there is a question raised as to whether the respondents' determination, "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]; 7804 [g]; *see, Matter of Civil Serv. Empls. Assn. v Town of Riverhead,* 220 AD2d 411; *Matter of Rafman v Brooklyn Coll.,* 212 AD2d 795).

The petitioner failed to appear at a scheduled medical appointment to evaluate her status as "temporarily unemployable" despite having been sent notice of this appointment. Thereafter, the petitioner was sent notice of the local agency's intent to discontinue her benefits based upon her failure to keep the appointment. At a conference and subsequent fair hearing, the agency produced evidence that the original notice advising the petitioner of the medical examination appointment was mailed. The petitioner, however, conclusorily stated that she had not received the appointment letter. Thereafter, the petitioner's benefits were discontinued.

"As a general rule of evidence, proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (*Rosa v Board of Examiners,* 143 AD2d 351, 352; *see also, Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776, 779). Here, the affidavits of the agency personnel created a presumption of delivery (*see, Matter of T.E.A. Mar. Automotive Corp. v Scaduto, supra; Nassau Ins. Co. v Murray,* 46 NY2d 828, 829; *Matter of Rapuzzi v City of New York, Civ. Serv. Commn.,* 161 AD2d 715, 715-716). Further, the conclusory assertions of the petitioner of lack of receipt were insufficient to rebut the presumption of mailing (*see, Orlando v Corning Inc.,* 213 AD2d 464, 465; *see also, Matter of Rapuzzi v City of New York, Civ. Serv. Commn.,* 161 AD2d 715, 715-716, *supra; Ramos v DeMond,* 127 AD2d 751, 752-753). Accordingly, the determination was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Krausman and McGinity, JJ., concur.