■ JUBILEE, INC., Appellant, v HASLACHA, INC., Respondent. [704 NYS2d 226] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about July 15, 1999, which, after a traverse hearing, denied plaintiff commercial tenant's motion for a *Yellowstone* injunction, and granted defendant landlord's cross motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

This action for *Yellowstone* relief was properly dismissed on the ground that the order to show cause initiating it was not served in accordance with the order's directive that it be hand delivered to defendant. Since defendant is a corporation, this required hand delivery to one of its officers, directors or other persons specified in CPLR 311 (a) (*see, Pinto v House*, 79 AD2d 361, 364). As the motion court held, plaintiff's failure to effect such delivery could not have been due to any resistance by defendant (*see, McDonald v Ames Supply Co.*, 22 NY2d 111, 115-116; *Austrian Lance & Stewart v Rockefeller Ctr.*, 163 AD2d 125, 128-130), there being no indication that anyone associated with defendant even knew of, let alone actively avoided, plaintiff's attempt to serve it at the residential building where defendant maintains an office. Indeed, plaintiff's process server, a messenger by trade, did not himself know that judicial process was inside the envelopes he was told to deliver. As the motion court also explained, if the time constraint that the

delivery be made by 5:00 P.M. of the day the order to show cause was issued left plaintiff's messenger with no choice but to leave the envelopes with the building's doorman when assertedly denied permission to go upstairs, the fault lies with plaintiff, which waited until the last day of the cure period to apply for a *Yellowstone* injunction. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.