Michael GEORGIU, Plaintiff–Appellant,

v.

STERLING MOUNTING AND FINISHING, and Frank Figliola, Defendants–Appellees.

No. 00–7160.

United States Court of Appeals, Second Circuit.

Jan. 9, 2001.

Michael Georgiu, Glen Ridge, NJ, pro se.

Raymond T. Mellon, Zetlin & De Chiara LLP, New York, NY; Michael J. Vardaro, Zetlin & De Chiara LLP, New York, NY, on the brief, for appellees.

Present JACOBS, CALABRESI, Circuit Judges and RAKOFF, District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be VACATED.

Michael Georgiu appeals from a judgment entered by the United States District Court for the Southern District of New York (Baer, J.), dismissing claims of discrimination against his former corporate employer, Sterling Mounting and Finishing Company ("Sterling"), and Sterling's president, Frank Figliola. We vacate the judgment and remand for further proceedings.

Sterling terminated Georgiu on October 9, 1997. He filed a timely charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in February 1998. Over a year later, in March 1999, the EEOC issued a final determination of no cause and advised Georgiu of his right to sue.

He filed this pro se action on June 2, 1999, alleging that his termination violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). He named Sterling and Figliola as defendants.

Each defendant moved to dismiss, and Judge Baer ruled that (1) the claims against Sterling must be dismissed because Georgiu failed properly to serve the corporate entity, and (2) the claims against Figliola must be dismissed because Georgiu's EEOC administrative filing had not identified Figliola as a party charged with violating the discrimination laws. For the reasons discussed below, we vacate both dismissals.

## I.   The Claims Against Sterling

We disagree with the district court's ruling that Georgiu failed to effectuate proper service on Sterling.

After Figliola received actual notice of the suit in July 1999, he retained counsel to represent himself and Sterling. Defendants' attorney then appeared before Judge Baer in August and explained that neither of his clients had been properly served. That day, Judge Baer found that Georgiu "had not yet effectuated proper service on the defendants," and directed that he do so by September 1. On August 18, 1999, a process server hand delivered to Figliola a single copy of the summons

and complaint. Sterling argues, and the district court agreed, that the August 18 service was effective only as to Figliola in his individual capacity, and not as to Sterling.

Under the Federal Rules of Civil Procedure, service upon a corporation "may be effected in any judicial district of the United States ... pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1), 4(h)(1); *see Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir.2000); *American Institute of Certified Public Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 376 (S.D.N.Y.1998). Under New York law, service upon a corporation may be made "by delivering the summons" to, inter alia, "an officer" of the company. N.Y. C.P.L.R. § 311(a)(1) (McKinney Supp. 2000); *see Jubilee, Inc. v. Haslacha, Inc.*, 270 A.D.2d 34, 704 N.Y.S.2d 226, 227 (App. Div. 1st Dept.2000).

The papers hand delivered to Figliola on August 18 identify "Sterling Mounting Finishing" as a defendant. Figliola is the president of Sterling, and therefore was qualified to accept service on its behalf under C.P.L.R. § 311(a)(1). Sterling observes that (i) Figliola was provided with only one copy of the summons and complaint, and (ii) the affidavit of service recites delivery only to Figliola as an individual defendant.

█ Under New York law, the "general rule is that service of a *single document* upon an officer of a corporation constitutes service upon the corporation itself as well as upon the individual officer, provided that there has been simultaneous compliance with the statutes governing both corporations [citing N.Y. C.P.L.R. § 311] and individuals [citing N.Y. C.P.L.R. § 308]." *T.E.A. Marine Auto. Corp. v. Scaduto*, 181 A.D.2d 776, 581 N.Y.S.2d 370, 374 (App. Div. 2d Dept.1992) (emphasis added); *ac-cord Lac Leasing Corp. v. Dutchess Aero, Inc.*, 32 A.D.2d 949, 303 N.Y.S.2d 723, 724 (App.Div. 2d Dept.1969). The personal service on Figliola therefore effected service as well on Sterling.

Sterling's second point is incorrect as a factual matter. The affidavit states that it was served on Sterling. Moreover, once proper service is made, "any deficiency in the affidavit [does] not take away jurisdiction." *Morrissey v. Sostar, S.A.*, 63 A.D.2d 944, 407 N.Y.S.2d 146, 147 (App. Div. 1st Dept.1978); *see also Lambert v. Lambert*, 270 N.Y. 422, 1 N.E.2d 833, 834 (1936).

Because service upon Sterling was effective, we vacate the district court's dismissal of the claims against the corporation.

## II.   The Claims Against Figliola

The district court's dismissal of the claims against Figliola was based on Georgiu's failure to name Figliola in the administrative charge filed with the EEOC. *See* 42 U.S.C. §§ 2000e–5(f)(1), 12117(a) (providing that an ADA plaintiff may sue in federal court only "the respondent *named* in the [EEOC] charge") (emphasis added); 29 U.S.C. § 626(d)(2) (ADEA statute providing that the EEOC must "notify all persons *named* in [the administrative charge] as prospective defendants in [a federal court] action") (emphasis added). Georgiu's administrative submission identified only Sterling as a potential defendant.

█ We vacate the dismissal, and remand for consideration as to whether Georgiu's claim against Figliola survives both of two necessary inquiries.

1. A defendant who is not named in an EEOC charge generally cannot be sued in federal court. However, it is possible that Georgiu's failure to name Figliola is excusable under the "identity of interests" doctrine artic-

ulated in *Johnson v. Palma*, 931 F.2d 203 (2d Cir.1991) and its progeny. The doctrine provides that under certain circumstances, an employment discrimination action may "proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Id.* at 209.

2. In *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995), we held that individuals may not be held liable under Title VII. *See id.* at 1313–17. If the district court determines that *Tomka* governs ADA and ADEA actions as well, the court also may need to address a related question. At oral argument, plaintiff asserted that Figliola owns 100% of Sterling's common stock. If this assertion is shown to be correct, the district court should evaluate whether *Tomka's* rule of no individual liability would apply nevertheless.

For the reasons set forth above, the judgment of the district court is hereby VACATED. We remand the case to the district court for further proceedings.