Parisien v Tri State Consumers Ins. Co. (2022 NY Slip Op 50920(U))

[*1]

Parisien v Tri State Consumers Ins. Co.

2022 NY Slip Op 50920(U) [76 Misc 3d 133(A)]

Decided on September 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA, CHEREÉ
A. BUGGS, JJ

2020-188 K C

Jules Francois Parisien, M.D., as Assignee
of Bradley Cantave, Appellant,
against
Tri State Consumers Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered October 2, 2019. The order denied plaintiff's motion for summary judgment
and granted defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order is modified by providing that the branches of defendant's cross
motion seeking summary judgment dismissing the first and third through tenth causes of action
are denied, and the branch of plaintiff's motion seeking summary judgment on the first cause of
action is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court denying plaintiff's motion for summary judgment and granting
defendant's cross motion for summary judgment dismissing the complaint.
Defendant denied the claim underlying the first cause of action on the ground that written
instructions for physical therapy should have been included in plaintiff's assignor's medical
records for services billed under CPT code 97001 of the workers' compensation fee schedule.
However, as plaintiff argues, defendant did not request any additional verification from plaintiff
seeking the information it felt it required in order to review this claim. Consequently, defendant
was not entitled to summary judgment dismissing the first cause of action, and, under the
circumstances presented, the branch of plaintiff's motion seeking summary judgment on that
[*2]cause of action should have been granted (see Bronx Acupuncture Therapy, P.C. v
Hereford Ins. Co., 57 Misc 3d 145[A], 2017 NY Slip Op 51452[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2017], affd 175 AD3d 455 [2019]).
With respect to the second cause of action, contrary to plaintiff's contention, plaintiff's
conclusory assertion that it never received the check defendant had mailed to pay this claim was
insufficient to raise a triable issue of fact (see Matter of Rodriguez v Wing, 251 AD2d
335 [1998]). 
With respect to the third through tenth causes of action, plaintiff correctly argues that
defendant failed to show, as a matter of law, that the independent medical examination (IME)
scheduling letters were properly addressed and generated pursuant to the standard practices and
procedures of its IME scheduling vendor (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]). Moreover, the affirmation from the doctor who was scheduled to
perform the IMEs did not establish that he possessed personal knowledge of the nonappearance
of plaintiff's assignor for the IMEs. In addition, defendant failed to establish, as a matter of law,
that the amounts charged in these claims were improperly billed or in excess of the amounts
permitted by the workers' compensation fee schedule. Therefore, defendant failed to establish its
entitlement, as a matter of law, to summary judgment dismissing the third through tenth causes of
action (see Stephen Fogel Psychological,
P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Alleviation Med. Servs., P.C. v State Farm
Mut. Auto. Ins. Co., 52 Misc 3d 128[A], 2016 NY Slip Op 50922[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2016]; Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY
Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
However, plaintiff failed to establish its prima facie entitlement to summary judgment upon
the third through tenth causes of action, as plaintiff did not establish either that defendant failed
to timely deny the claims (see Viviane
Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that
defendant issued timely denial of claim forms that were conclusory, vague or without merit as a
matter of law (see Westchester Med.
Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]). Thus, the branches of plaintiff's motion seeking summary judgment on these
causes of action were properly denied.
Accordingly, the order is modified by providing that the branches of defendant's cross
motion seeking summary judgment dismissing the first and third through tenth causes of action
are denied, and the branch of plaintiff's motion seeking summary judgment on the first cause of
action is granted.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 16, 2022