■ James H. Slater, Appellant, v Congress of Racial Equality, Inc., Respondent.—Order entered in the Supreme Court, New York County, on November 18, 1974 granting defendant's motion to vacate a default judgment entered against it to the extent of referring the jurisdictional issue to a Special Referee to hear and report on whether defendant was personally served with a summons and motion papers, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the motion denied. The affidavit of service specifically states that the summons and notice of motion for summary judgment in lieu of complaint were personally served on the defendant by delivering copies thereof to Philip Anderson, defendant's assistant to the director and managing agent on January 21, 1971. The affidavit of Mr. Anthony Buapim, in

support of defendant's motion states: "A copy of the summons and complaint in the above entitled action was never served upon me or any officer or employee of the Corporation, therefore I never appeared, answered or made a motion with respect to the complaint herein." Nothing else was submitted on defendant's behalf in support of its application. Mr. Buapim is silent as to Mr. Philip Anderson. No showing has been made that Mr. Anderson was not defendant's employee or managing agent. Indeed, the record is silent as to whether Mr. Buapim himself was associated with the defendant in January, 1971. The record clearly establishes that the defendant has had knowledge of the judgment against it for several years. Its validity was not questioned. The belated attack consisting of a bare conclusory allegation that "the summons and complaint * * * was never served" is insufficient to vacate the default or to require any hearing. (*National Commercial Bank & Trust Co. v Ross,* 40 AD2d 1046.) The affidavit of service states that a "summons and notice of motion for summary judgment in lieu of complaint" was served. No claim is made that a complaint was ever served. Incidentally, no points have been filed on behalf of the defendant-respondent. Concur—Kupferman, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.