█ New York New Jersey Producer Dealers Cooperative, Inc., Appellant, v Edward J. Mocker et al., Doing Business as Three Farms Dairy, Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered February 16, 1977 in Madison County, upon a decision of the court at a Trial Term, without a jury. Plaintiff is a trade association organized as a not-for-profit corporation. Defendants were partners in a milk dairy and joined plaintiff's association in September, 1959 and regularly paid the required dues until October, 1968 when they maintain that they sent a letter of resignation to plaintiff. This action is to recover the dues subsequent to the alleged resignation and for reasonable attorney's fees. After a nonjury trial the court determined that defendants

had resigned in 1968 and were not liable for dues thereafter. This appeal ensued. The record establishes that plaintiff continued to send monthly dues notices after the alleged resignation but defendants neither paid nor answered. Between 1973 and 1975 plaintiff's president had five phone conversations with defendant Edward Mocker. Three of these conversations involved a question regarding unemployment insurance which concerned the members of the co-operative and the remaining calls pertained to the unpaid dues. Plaintiff contends it did not receive the letter of resignation and, consequently, pursuant to its by-laws, there was no resignation. We disagree. The by-laws read as follows: "Upon recipt at the principal place of business of the cooperative of a notice of intention to resign, the Secretary of the corporation shall mark such receipt on the records of the corporation, and 60 days after such receipt such resignation shall become effective, relieving the member of all liability and responsibility for assessments thereafter" (art IV, § 5). There is testimony by defendant's secretary that she typed, addressed, stamped and mailed the letter of resignation. Such testimony created a presumption that the letter was received. (*Trusts & Guar. Co. v Barnhardt*, 270 NY 350), and plaintiff failed to rebut this presumption. We reject plaintiff's contention that the marking of the receipt on the records of the corporation by the secretary of the corporation was a condition precedent to a valid resignation. We also reject plaintiff's contention that the five phone calls constituted conduct conclusively demonstrating that defendants had not resigned. The trial court, in our view, could reasonably and properly determine otherwise. Since we have concluded that defendants effectively resigned from plaintiff's association, we find no merit to its argument that defendants are liable, pursuant to their former membership agreement, for the costs, expenses and reasonable attorney's fees in this action. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.