opinion of the court
Sol R. Dunkin, J.
This is a motion by defendant for an order dismissing the complaint for failure to serve a timely notice of claim as required by section 50-e of the General Municipal Law.
Section 50-e of the General Municipal Law requires that a notice of claim be served within 90 days after the claim arises by personal service or by registered or certified mail (§ 50-e, subd 1, par [a]; subd 3, par [a]) and provides that in the case of registered or certified mail, service is complete when properly mailed (§ 50-é, subd 3, par [b]).
Plaintiff claims that service was made by ordinary mail to the Corporation Counsel.
Section 50-e (subd 3, par [c]) provides in part that service is proper “if the notice is actually received by a proper person within the time specified by this section, and the *538 public corporation fail to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received.” Although such notice should be directed to the Comptroller, the defendant in this case concedes that service upon the Corporation Counsel would be sufficient. The defendant city, however, alleges that the notice of claim was never received.
At a hearing held before this court on January 13,1983, it was stipulated by and between the parties that the date of occurrence was October 6, 1980 and that the plaintiff sent a notice of claim to the Corporation Counsel of the City of New York on November 10, 1980 and sent an amended notice of claim on November 25, 1980, both by ordinary mail properly addressed and posted. The defendant, the City of New York, asserts that neither notice was received, and the parties stipulated that both the office of the Comptroller and the office of the Corporation Counsel searched their records for a period of one year before and after the time of the alleged service and could find neither a notice of claim nor a receipt for same.
There was also testimony by Sylvia Newman, an assistant supervisor in the office of the Comptroller, who testified to the City of New York’s practices in receiving, processing, filing and numbering notices of claim. She testified that notices received by the Corporation Counsel were delivered to the Comptroller by messenger and processed in the ordinary manner. Her testimony also indicated that plaintiff’s summons and complaint were served on July 7, 1981 and that the Corporation Counsel’s office informed plaintiff’s attorneys on July 10, 1981 that they had the summons and complaint but not a copy of the notice of claim. On July 20,1981 plaintiff sent them a copy of the amended notice of claim. On July 31, 1981, an answer was served which included as an affirmative defense the assertion that notice of claim had not been timely served. Thereafter, a bill of particulars was served by the plaintiff and plaintiff requested an examination before trial which has not yet been held.
*539 Plaintiff in part seeks to rely on the common-law presumption of regularity, that is that if an item is properly stamped, addressed and mailed, it is presumed to be received by the addressee (News Syndicate Co. v Gatti Paper Stock Corp., 256 NY 211; Trusts & Guar. Co. v Barnhardt, 270 NY 350; Dulberg v Equitable Life Assur. Soc. of U. S., 277 NY 17).
Plaintiff contends that by utilizing the presumption, it has met its burden of proof and that the defendant’s denial is insufficient to rebut that presumption. The court does not agree.
The Legislature, in enacting and later modifying section 50-e, established a particular statutory scheme for service of a notice of claim on the City of New York. In substance it requires personal service or service by certified or registered mail, and in the case of certified or registered mail, it provides that service is complete upon mailing. Section 50-e (subd 3, par [c]) permits an exception to that rule when the city actually receives a notice of claim sent by some other means and fails to timely reject it. In the opinion of this court, the plaintiff cannot graft the common-law presumption on to that specific statutory exception to the general provisions of section 50-e. Rather, the plaintiff must prove actual receipt in order to avail herself of the provisions of section 50-e (subd 3, par [c]). To hold otherwise would permit the common-law presumption of regularity to expand the section 50-e (subd 3, par [c]) exception to the extent of engulfing the entire section 50-e scheme, a result clearly not contemplated by the Legislature.
The court having rejected the applicability of the presumption of regularity in mail delivery finds no proof of actual receipt by the city, and, accordingly, the defendant’s motion is granted.
The court notes that even if it accepted the presumption as an evidentiary device in this hearing, the result would not necessarily be different. The stipulation of the parties and the credible evidence indicated the city’s specific office practices in receiving, recording, numbering and preserving notices of claim and established an unfruitful search of its records covering a two-year period. These facts coupled *540 with the city’s denial of receipt would, in the opinion of the court, be sufficient to rebut the presumption in any case (see Seglin Constr. Co. v State, 22 NYS2d 94, affd 262 App Div 782).
The plaintiff also contends that the phrase “actually received” used in section 50-e (subd 3, par [c]) has no greater legal significance than the word “received” standing alone and that when ordinary mail is used, service is complete when properly mailed as in the case of certified or registered mail. The court finds this contention to be without merit. It is clearly at odds with the entire scheme of section 50-e.
Defendant’s motion to dismiss the complaint is granted.