NEW YORK TELEPHONE COMPANY, Respondent, v COLUMBIA COUNTY (HIGHWAY DEPARTMENT), Appellant.—Kane, J. P.

This is an action for property damage sustained on April 5, 1983 to plaintiff's underground cable located along Blue Hill Road in the City of Hudson, Columbia County, allegedly due to defendant's employees' negligence.

On June 17, 1983, plaintiff mailed a notice of claim by certified mail, return receipt requested. This notice was addressed to "Columbia County—Highway Department". On June 23, 1983, the notice of claim was received by the Columbia County Highway Department. Subsequently, on or about July 5, 1984, a summons and complaint were served on the

Columbia County Attorney. In due course, defendant made a motion to dismiss the complaint upon the ground that plaintiff failed to comply with the condition precedent of filing a notice of claim. Special Term denied the motion, finding that "[w]hile the notice of claim may have been misdirected in the first instance, it was received by defendant". This appeal ensued.

On appeal, defendant contends that Special Term erred in denying its motion to dismiss since plaintiff failed to demonstrate compliance with the notice of claim requirements found in the General Municipal Law.

General Municipal Law § 50-e (3) (a) provides, *inter alia,* that: "The notice [of claim] shall be served on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, *to the person designated by law as one to whom a summons in an action* in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation" (emphasis supplied). *(See also,* County Law § 52 [1].)

CPLR 311 (4) provides that personal service upon a county shall be made by delivering the summons "to the chairman or clerk of the board of supervisors, clerk, attorney or treasurer". Plaintiff failed to serve any of the above-enumerated parties and a plain reading of the above requirements belies plaintiff's assertion that the Columbia County Highway Department was a party authorized to accept service on behalf of defendant *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Conway v Bano Buick,* 88 AD2d 609; Siegel, NY Prac § 32, at 31-32).

In any event, plaintiff contends that the service was valid pursuant to the provisions of General Municipal Law § 50-e (3) (c), which provides that: "If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid * * * if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail[s] to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received." Despite its finding that the notice of claim was received by defendant, Special Term specifically stated in its decision that the "circumstances described in General Municipal law § 50-e (3) (c) have not been addressed on this motion". A review of the record reveals that this issue is not adequately developed upon the record to allow us to resolve the issue *(see, Krieger v City of New York,* 118 Misc 2d

537; *cf. Conway v Bano Buick, supra,* p 610). Accordingly, the order should be modified and the matter remitted for consideration of the applicability of the savings provision contained in General Municipal Law § 50-e (3) (c).

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the complaint; matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.