■ In the Matter of BETTY ROSA, Appellant, v BOARD OF EXAMINERS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* for a judgment to compel the respondents to permit the petitioner to complete the examination for Assistant Principal—Special Education Schools, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated August 17, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

The petitioner Betty Rosa alleges that on June 15, 1986, she mailed an application for permission to take the examination for the position of Assistant Principal—Special Education Schools, which was to be administered by the respondent Board of Examiners of the City of New York on September 30, 1986. According to her affidavit, Ms. Rosa placed this application, together with a personal check in payment of the application fee, in a properly addressed and properly stamped envelope, and deposited this envelope in a receptacle at the Orangeburg, New York, Post Office. The deadline for the filing of the application was June 24, 1986.

At some point during the summer of 1986 Ms. Rosa contacted the Board of Examiners and advised its representative that she had not received a canceled check reflecting her payment of the application fee. Ms. Rosa was advised to "wait and see". In early September, Ms. Rosa again contacted a representative of the Board of Examiners and was advised that although her name did not appear on the list of applicants, she would be permitted to take the written test. Thereafter Ms. Rosa was allowed to take the written test as well as a subsequent "supervision test". However, in January 1987 she was informed that she would not be permitted to take the final portion of the test since her application had not been received.

Based on the foregoing allegations, among others, Ms. Rosa instituted the instant proceeding, seeking an order directing that she be allowed to complete the test. In a verified answer

to the petition, the Board of Examiners denied that it was responsible for the loss of Ms. Rosa's application and denied having any knowledge or information sufficient to form a belief as to whether the application was, in fact, mailed as Ms. Rosa described, or as to whether it had been lost in the mail. The verified answer also contains several allegations which contradict Ms. Rosa's claim that she had inquired about the status of her application as early as during the summer of 1986.

According to the verified answer, "[a] search was conducted for the application filed by petitioner [and n]o application from petitioner was ever found". As support for this statement, the respondents submitted the affidavit of Dorothy Vaughan, who stated only that "[t]he records of the Board of Examiners do not show the receipt of an application for Betty Rosa in the examination for license as Assistant Principal of Special Education Schools *administered on May 22, 1985*" (emphasis added). This, of course, is not the test for which the petitioner claims she applied. It is unclear whether the employee of the Board of Examiners who verified the answer has sufficient personal knowledge of the facts so as to lend any evidentiary value to his conclusory assertion that "[n]o application from petitioner was ever found".

The Supreme Court found, without holding a hearing, that "[t]he Board of Examiners * * * conducted a thorough search of its records in order to give petitioner the benefit of any doubt". Because we believe that a more full record is necessary in order to substantiate this finding of fact, and because the factual determination as to whether the Board of Examiners actually received the petitioner's application is critical to a resolution of the central legal question raised in this proceeding, i.e., whether it was arbitrary and capricious to refuse to allow the petitioner to complete the test she had been permitted to begin, we reverse and remit for further proceedings.

As a general rule of evidence, proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee *(Trusts & Guar. Co. v Barnhardt,* 270 NY 350; *New York New Jersey Producers Dealers Coop. v Mocker,* 59 AD2d 970; 57 NY Jur 2d, Evidence and Witnesses, § 158). A conclusory denial of receipt by the addressee, coupled with speculation that the transmission was lost in the mail, is ordinarily insufficient to rebut the presumption of delivery *(see, Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). Even assuming, because of the effect of certain regulations which arguably imposed upon Ms. Rosa

the obligation to assure receipt of her application by the Board of Examiners, that the respondents may rebut the presumption of regularity by proof of nondelivery *(cf., Krieger v City of New York,* 118 Misc 2d 537), it still must be determined whether the Board of Examiners in fact received her application. The respondents offered no proof, in their answer and related papers, that a thorough search of their records relating to the September 1986 test was ever accomplished and that Ms. Rosa's application for that test could not be found. Instead, it appears that the respondents may have conducted a search relating to the wrong test (i.e., the one given in 1985).

We therefore conclude that a hearing is necessary in order to provide a basis upon which to decide whether the Board of Examiners, in fact, did not receive Ms. Rosa's application. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.