■ MOHAMMAD KHALID, Appellant, v ABRAHAM L. POSES et al., Respondents.—Order of the Supreme Court, New York County (William J. Davis, J.), entered on May 15, 1991, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211, is unanimously reversed and the motion denied, without costs or disbursements.

Plaintiff, as buyer, and defendant Abraham Poses, as seller, entered into a contract for the sale of three commercial condominium units in the building located at 205 Hicks Street in Brooklyn. Of the $628,000 purchase price, $63,000 was paid upon the signing of the agreement and was to be held in escrow by the seller's attorneys, defendant law firm. The closing was to occur on December 4, 1989 and time was deemed to be of the essence. The contract was dependent upon the procurement of mortgage financing in the amount of $502,000 with the contingency period being defined as "45 days from the date hereof." By November 30, 1989, plaintiff, having still been unable to secure financing, sent a notice to defendant law firm, by both regular mail and fax, that "[p]ursuant to our phone conversation of today's date, this is to

request in writing that my client needs an additional 30 days to obtain a written mortgage commitment. Please confer with your client and advise this office." Defendants did not respond to this communication, and the downpayment continued to be held in escrow. Not until February 23, 1990 did defendants attempt to cancel the contract, and plaintiff's counsel stated in a letter dated February 27, 1990 that his client was not in default and expected a written mortgage commitment shortly. Defendant law firm, by letter dated March 1, 1990, declared that although the seller considered plaintiff to be in default, "he has requested that you contact this office upon your client's receipt of a mortgage commitment to discuss whether this transaction will proceed."

The following day, plaintiff was approved for a mortgage of $399,500, which was less than the amount set forth in the contract. The parties, therefore, agreed that the seller would provide a second mortgage for $50,000 and that the real estate broker would loan plaintiff another $20,000. However, despite repeated efforts to schedule a closing date, no closing ever took place, purportedly due to the seller's failure to supply certain documents requested by the lending institution and also plaintiff's refusal to take title to the premises in an "as is" condition. The escrow deposit was eventually released to the seller. After the seller finally refused to close under any circumstances, the instant action ensued for recovery of the downpayment. In that regard, it is defendants' position that plaintiff did not give adequate notice to invoke the contingency clause. Specifically, they urge that plaintiff's letter of November 30, 1989 did not expressly assert that a mortgage had not been obtained, and it did not ask for an extension of time to procure a commitment, and, in addition, the subject communication was neither timely nor properly delivered. Defendants claim that the notice was required to be sent by certified or registered mail and had to be served by November 27, 1989, 45 days after October 13, 1989, which they allege was the contract date. The Supreme Court, in granting defendants' motion to dismiss the complaint, found that when plaintiff failed to appear at the original December 4, 1989 closing, he forfeited the right to seek specific performance, and the seller was entitled to retain the downpayment as liquidated damages. This was error.

Even assuming that defendants are correct in their contention that plaintiff needed to secure a firm mortgage commitment within 45 days of the contract date rather than the date of the contract's purported delivery near the end of October,

1989, as plaintiff alleges, and the operative period expired on November 27, 1989, paragraph 6.3 of the contract nonetheless accorded the purchaser an additional 5 business days to mail notice. Consequently, the letter of November 30, 1989 was certainly timely. In addition, paragraph 16 does not clearly mandate mailing by registered or certified mail. According to this paragraph, "[n]otices shall be valid and effective when received by the notified party's attorney, at the above address, and mailed to the party to be notified, addressed to the party at the party's address" and "[a]ny and all notices, demands or requests required or permitted to be given by any of the provisions of this Contract must be in writing and shall be validly given or made and effective the date when delivered personally against receipt, or actually received". Thus, the contract seems to permit any form of notice so long as it was actually received or by regular mail if acknowledgment was made. In any event, the notice was not so patently defective as to support summary dismissal of the complaint. Similarly, the notice was not at all ambiguous. While the letter of November 30, 1989 did not state outright that plaintiff had been unable to obtain a mortgage commitment, it could not reasonably have been interpreted in any other manner. Under the contract it was up to the seller, not the purchaser, to choose the manner in which to proceed upon the latter's inability to attain a mortgage. Therefore, not only does the seller's cancellation of the agreement appear not to have been undertaken in conformity with the contract, but defendants' subsequent conduct raises questions of fact as to whether they waived any supposed defaults by plaintiff. There are certainly sufficient unresolved issues involved herein to preclude dismissal of the complaint, and the recent case of *1776 Assocs. Corp. v Broadway W. 57th St. Assocs.* (181 AD2d 601) does not hold otherwise. Not only does that matter, unlike the instant one, concern a CPLR 3212 motion for summary judgment, but the facts therein are distinguishable from those in the present situation. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.