■ Timothy W. Christy et al., Respondents, v Bruce J. Premo, Appellant. [599 NYS2d 307] —Harvey, J. Appeal from an order of the Supreme Court (Brown, J.), entered August 28, 1992 in Saratoga County, which granted plaintiffs' motion to compel specific performance of a contract.

On April 3, 1992, the parties entered into a written contract for the sale of a one-family house owned by defendant located in the Town of Clifton Park, Saratoga County. Notably, paragraph 20 of the agreement provides as follows:

"This agreement is contingent upon Purchaser and Seller obtaining approval of this Agreement by their attorney as to

all matters contained therein. This contingency shall be deemed waived unless Purchaser's or Seller's attorney on behalf of their client notifies [the Purchaser's real estate agent] in writing, as called for in paragraph 22, of their disapproval of the Agreement no later than 4/10/92. If Purchaser's or Seller's attorney so notifies, then this Agreement shall be deemed cancelled, null and void". Paragraph 22 provides: "All notices contemplated by this agreement shall be in writing, delivered by certified or registered mail, return receipt requested, postmarked no later than the required date, or by personal service by such a date." Shortly following the signing of the contract, defendant notified his real estate agent that he was unhappy with the financing provisions of the contract and wished to cancel it.

Defendant's attorney, Edward Grogan, was notified of these concerns. Thereafter, Grogan, at defendant's request and within the time period provided in the contract, sent written notice of defendant's desire to cancel the contract because of the financing arrangements. However, the notice, admittedly received by plaintiffs' real estate agent, was sent by facsimile transmission and by regular mail instead of by certified or registered mail as required by the contract. Plaintiffs subsequently commenced this action seeking specific performance of the contract or, in the alternative, money damages for breach of contract. Supreme Court granted specific performance to plaintiffs based on defendant's failure to cancel the contract as specifically provided in the agreement. This appeal by defendant ensued.

In our view, Supreme Court erroneously granted plaintiffs the equitable relief of specific performance of the parties' contract. There is no dispute that plaintiffs received actual notice of defendant's desire to cancel the contract within the time frame set by the contract. There is also no dispute that had defendant followed the technical requirements of notice prescribed for cancellation, the contract would have been canceled in fact without further argument. In equitable actions a court is permitted to look beyond the technical formalities in contracts and ascertain whether the substance was met (see, e.g., Kaplan v Lippman, 75 NY2d 320, 325; City of New York v Stack, 178 AD2d 355, lv denied 80 NY2d 753). At oral argument in this case it was conceded that the purpose of the specific notice requirement was solely to ensure that notice was promptly received, a situation that concededly occurred. Because plaintiffs were aware of defendant's position in a timely fashion, we find that plaintiffs' hands were not

sufficiently "clean" to be entitled to the equitable relief granted by Supreme Court (see, Oneida City School Dist. v Seiden & Sons, 177 AD2d 828, 829).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and plaintiffs' motion to compel specific performance of the contract is denied.