(March 27, 1995)

■ SIDNEY AZRILIANT, Appellant-Respondent, v EAGLE CHASE ASSOCIATES et al., Respondents-Appellants, et al., Defendant. [624 NYS2d 238] —In an action, *inter alia,* to recover the downpayments on two contracts to purchase two condominium units, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered December 2, 1992, as upon reargument, (1) vacated so much of the prior order and judgment (one paper) of the same court dated April 6, 1992, as granted the branch of the plaintiff's cross motion which was for summary judgment on his first cause of action and denied that branch of the cross motion, and (2) adhered to so much of the prior order and judgment as denied those branches of his cross motion which were for summary judgment on his second through ninth causes of action, and the defendants Eagle Chase Associates, Woodbury Commons Realty, Steven Kaplan, and Ronald J. Rosenberg cross-appeal from so much of the same order as (1) vacated so much of the prior order and judgment as granted those branches of their motion which were for summary judgment dismissing certain causes of action insofar as they are asserted against specific defendants and denied those branches of their motion, and (2) adhered to so much of the prior order and judgment as denied those branches of their motion which were for summary judgment dismissing certain causes of action insofar as they are asserted against specific defendants.

Ordered that the order is reversed insofar as cross-appealed from, the order and judgment dated April 6, 1992, is vacated,

the defendants' motion for summary judgment is granted in its entirety, and the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

On May 16, 1987, defendant Eagle Chase Associates (hereinafter Eagle Chase) entered into two "purchase agreements", one with "Amherst Associate c/o S.W. Azriliant, P.C.", and the other with plaintiff Sidney Azriliant. The two agreements related to the sale of two condominium units in Woodbury, New York.

Each agreement provided for a downpayment of $50,000, and a closing date of September 1, 1988. Eagle Chase, as seller, was permitted an additional nine-month period, and under certain circumstances an additional 12-month period, within which to perform its obligations, subject to the "purchaser's option to cancel". Paragraph 26 of each agreement stated that the purchaser's option to cancel "must be exercised within 10 days of the expiration of the nine or twelve month period * * * or purchaser['s] option to cancel will be deemed waived". Also, paragraph 29 of each agreement stated, "any notice to be given hereunder shall be in writing and sent by certified mail".

The offering plan relative to the Woodbury condominium development originally provided, in paragraph 29 thereof, that "any notice to be given hereunder shall be in writing and sent by certified mail". This language was deleted from paragraph 29 by virtue of amendment number 2 dated April 14, 1987. The two purchase agreements provided that, in case of a conflict between the terms of purchase agreements and the terms of the offering plan, the terms of the offering plan would control.

The plaintiff claims that he exercised his option to cancel in a letter dated June 5, 1988. The defendant Eagle Chase claims not to have received this letter. This letter, assuming that it was sent at all, was not sent by certified mail.

The plaintiff failed to comply with the defendants' demand to complete the two transactions, and subsequently commenced the present action for a return of the two downpayments. The Supreme Court initially determined that the plaintiff had properly exercised the purchaser's option to cancel, so that summary judgment in his favor was warranted on his first cause of action. The court also granted several

branches of the defendants' motion dismissing certain causes of action insofar as they were asserted against specific defendants. However, on reargument, the court determined that issues of fact precluded the granting of summary judgment to either the plaintiff or the defendants. This appeal and cross-appeal followed. We reverse the order insofar as it is cross-appealed by the defendants, and dismiss the complaint.

The parties' rights and obligations are governed by the two purchase agreements, to the extent that the terms of those agreements are not supplanted by any inconsistent provision contained in the offering plan, as amended. The two agreements plainly provide for the mailing by certified mail of the purchaser's option to cancel. Nothing in the original or in the amended offering plan is inconsistent with this provision.

The original offering plan in effect mandated that every purchase agreement include a provision requiring the service of notice by certified mail. This precluded potential buyers from negotiating a provision allowing for the service of notice by any other method. The amended offering plan allows individual purchasers, in negotiation with the seller, to decide what type of notice provision to adopt. Here, the parties adopted a provision requiring notice by certified mail.

Assuming that the plaintiff might have been excused from strict compliance with the service by certified mail provision if there had been proof of the actual receipt of the June 5, 1988 letter by the defendants (*see, e.g., Dellicarri v Hirschfeld,* 210 AD2d 584; *Christy v Premo,* 194 AD2d 910; *Khalid v Poses,* 184 AD2d 258; *cf., Weissman v Adler,* 187 AD2d 647; *D.A.D. Rest. v Anthony Operating Corp.,* 139 AD2d 485), the fact remains that the defendants' denial of the receipt of this letter is uncontradicted. While a rebuttable presumption of receipt based on proof of regular mailing may be available in cases where regular mailing is itself sufficient to comply with the requirements of the law, or with the requirements of the parties' contract (*see, e.g., Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776, 779; *Matter of Rosa v Board of Examiners,* 143 AD2d 351, 352; *see also, Trusts & Guar. Co. v Barnhardt,* 70 NY 350; *New York N. J. Producers Dealers Coop. v Mocker,* 59 AD2d 970; 57 NY Jur 2d, Evidence and Witnesses, § 158), we do not believe that this presumption is available to the plaintiff herein, in the absence of sufficient evidence attesting to the mailing of the June 5, 1988, letter itself, or to the "existence of an office practice geared to ensure the proper addressing or mailing of [correspondence]"

*(Matter of Colyar,* 129 AD2d 946, 947; *cf., Matter of T.E.A. Mar. Automotive Corp. v Scaduto, supra).*

In sum, the plaintiff failed to exercise his option to cancel, and he accordingly forfeited his downpayment as the result of his breach of contract. We have examined the remaining issues raised on appeal, and find that the defendants are entitled to summary judgment dismissing the complaint. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.