OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
We deem the appeal from the order dated April 26, 2001 to be from the judgment entered on May 9, 2001 (see, CPLR 5520 [c]). The right of direct appeal from the order dated April 26, 2001 terminated with the entry of a judgment thereon (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order, however, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).
An agreement providing for arbitration of disputes in New York implies a consensual submission to the personal jurisdiction of the courts of this state to enforce it and to enter judgment on an award (see, CPLR 7501; Gilbert v Burnstine, 255 NY 348; Matter of Zim Israel Nav. Co. [Sealanes Intl.], 17 AD2d 393, affd 13 NY2d 714; Victory Transp. v Comisaria General de Abastecimientos y Transportes, 336 F2d 354, 363, cert denied 381 US 934; Matter of Samincorp S. Am. Mins. & Mdse. Corp. [Tikvah Min. Co.], 43 Misc 2d 27; cf., Merrill Lynch, Pierce, Fenner & Smith v McLeod, 208 AD2d 81; 5 NY Jur 2d, Arbitration and Award §§ 58, 60). Paragraph 12 of the employment agreement entered into between the parties provides in pertinent part as follows: “Any disputes hereunder which cannot be resolved by negotiation between the parties hereto shall be submitted to, and determined by, prompt arbitration in accordance with the Arbitration Rules of the American Arbitration Association * * * and the parties hereto agree to be bound by the final award of the arbitrator in any such proceeding *482 * * * The arbitrator shall apply the law of the State of New York. The arbitration shall be held in the State of New York * * * Borough of Manhattan, or such other place as the parties hereto may mutually agree. Judgment upon the award by the arbitrator may be entered and enforced in any Court having jurisdiction thereof.”
It is undisputed that the District Court possesses jurisdiction over the instant proceeding (see, UDCA 206 [a]). Accordingly, contrary to appellant’s contention, the agreement which provides for arbitration of disputes in the State of New York, and further, for the entry of judgment and enforcement thereof, constituted an implied consent to submit to the jurisdiction of the courts in the State of New York (see, Gilbert v Burnstine, supra).
We further find no merit to appellant’s contention that service of the notice of petition and petition, by substituted service, was jurisdictionally defective because of an improper return date. CPLR 403 (b) states that a “notice of petition, together with the petition * * * shall be served upon any adverse party at least eight days before the time at which the petition is noticed to be heard.” CPLR 403 (c) provides for the service of a notice of petition “in the same manner as a summons in an action.” Service of a summons in the District Court by substituted service, pursuant to CPLR 308 (2), is deemed complete upon filing of proof of service (see, UDCA 402 [b]; 410 [b]). The record on appeal indicates that substituted service was made on December 4, 2000, and proof of service filed on December 8, 2000, as appellant apparently concedes on appeal. Accordingly, the return date of December 21, 2000, measured from the date service was complete, was properly made within the applicable eight-day statutory period under CPLR 403 (b). Since the time period for completion of substituted service under CPLR 308 (2) is inconsistent with the UDCA, which provides that substituted service is complete upon filing of proof of service, the UDCA governs (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 402, at 124).
Appellant’s remaining argument pertaining to allegedly defective service under CPLR 308 (2) was improperly raised for the first time in the District Court in his reply papers (see, Medugno v City of Glen Cove, 279 AD2d 510; Cumpston v Marcinkowska, 275 AD2d 340). Even if this court were to consider said argument, appellant’s conclusory assertion that service was not made at his dwelling, place of abode or employment is *483 insufficient to warrant a hearing (see, Slater v Congress of Racial Equality, 48 AD2d 623; Shapiro v Shapiro, NYLJ, Jan. 24, 1989, at 26, col 3 [App Term, 2d & 11th Jud Dists]).
Floyd, P.J., Doyle and Winick, JJ., concur.