OPINION OF THE COURT
George M. Heymann, J.
Query: Does the manner of service pursuant to RPAPL 735, which governs the commencement of all nonpayment and holdover proceedings in housing court, apply to “special proceedings” brought in the Housing Part (HP) by the Department of Housing Preservation and Development (DHPD) against landlords to correct violations?
On March 17, 2008, DHPD commenced this proceeding pursuant to section 110 (a) (9) of the New York City Civil Court Act directing the respondent to correct all violations of the Multiple Dwelling Law and the Housing Maintenance Code (HMC) existing at the subject premises located at 4824 7th Avenue, Brooklyn, New York 11220; for an order directing the respondent to file a current registration with DHPD; for a judgment for civil penalties for failure to register; and for a judgment for civil penalties for failure to correct the violations set forth in the verified petition and annexed exhibits incorporated by reference therein.
The respondent failed to appear on the return date of April 17, 2008 and an inquest was taken. On April 30, 2008, an inquest order to correct and judgment for civil penalties in the amount of $157,265 was entered against the respondent.
The respondent has now moved by order to show cause to vacate said default judgments and to dismiss the verified petition in its entirety.
The respondent claims that she has an excusable default in that service was defective pursuant to RPAPL 735 and a meritorious defense in that the violations have been corrected.
DHPD opposes the motion contending that service was properly effectuated and that the respondent has failed to provide any documentation to support her conclusory statements that all the violations have been corrected.
*239 According to counsel for DHPD, the respondent’s address for service, 836 58th Street, 2nd Floor, Brooklyn, New York 11220, was taken from the deed for the subject premises, dated June 22, 2007, which lists Ju Jin Li as the grantee/buyer. (DHPD aff in opposition, exhibit C.) The last property registration with DHPD, dated February 16, 2006, was filed by the previous owner. (Verified petition, exhibit 3.)
At issue here is the manner of service attested to by the process server in his affidavit of service, as follows:
“That on March 28, 2008 at 9:17 AM at 836 58 Street 2nd Floor; Brooklyn, NY 11220 (Last Known Residence) I served the Notice of Petition and Verified Petition upon Ju Jin Li respondent herein named by affixing the same upon the door.
“That prior attempts to serve the respondent were made on March 26, 2008 at 6:45 PM and March 27, 2008 at 7:46 AM and March 28, 2008 at 9:17 AM
“That on April 2, 2008 I deposited in the United States mail a true copy or copies of the Notice of Petition and Verified Petition properly enclosed and sealed in a post paid wrapper addressed to respondent at 836 58 street 2nd Floor; Brooklyn, NY 11220 (Last Known Residence) by first class mail, marked Personal and Confidential, and not bearing any identification to a lawsuit.”
The affidavit of service was sworn to on April 3, 2008 and filed with the clerk of the court on April 8, 2008.
Before the court can address whether the process of service conformed to the statutory requisites, it must determine whether actions commenced by DHPD are “special proceedings” that fall within or outside the rubric of RPAPL 735, which prescribes the manner of service in summary proceedings to recover possession of real property.
Although summary proceedings are “special proceedings” generally governed by article 7 of the RPAPL “to [rjecover [pjossession of [rjeal [pjroperty” (emphasis added),[1] actions commenced by DHPD are, likewise, “special proceedings” but have a different and unique purpose, separate and apart from the recovery of possession of real property. Along with the tenant-initiated proceedings for the correction of violations of the HMC, *240 DHPD actions are initiated to enforce the standards set forth in the HMC and Multiple Dwelling Law and for the imposition of civil penalties for failure to comply (i.e., correct violations; certify corrections; proper registration by owners; etc.).[2] These proceedings are prosecuted in the designated HP which does not deal with nonpayment or holdover proceedings in which landlords are seeking possession of their property for tenants’ failure to pay rent or for substantial violations of the obligations of their lease.
Thus, RPAPL article 7 is not pertinent to HP proceedings. Hence, DHPD must utilize the provisions of the Civil Practice Law and Rules and the CCA in order to institute its proceedings in housing court.
As a special proceeding, the analysis starts with CPLR 403 (c) which simply provides that service shall be in the same manner as a summons in an action. That service is governed by the provisions of section 308, specifically subdivision (4) as it applies in this case.[3] However, as the housing court is a part of the New York City Civil Court, the CCA provisions regarding service *241 must be read in conjunction therewith and harmonized to resolve any inconsistencies with the CPLR. Similar to CPLR 403, CCA 403 provides that “[s]ervice of summons shall be made in the manner prescribed in supreme court practice.”
In reviewing the affidavit of the process server, as set forth above, vis-á-vis the filing of proof of service with the clerk of the court and the completion of service, it is clear that based on the alleged first-class mailing of the notice of petition and verified petition on April 2, 2008, which was within the 20-day period after the alleged affixation of same on the door of the subject premises on March 28, 2008, and the subsequent filing with the clerk of the court on April 8, 2008 within 6 days of the 20 days allowed after the mailing, that service was carried out within the mandated time frames enunciated in CPLR 308 (4).[4]
Pursuant to CPLR 308 (4), service would be complete on April 18, 2008, 10 days after the filing on April 8, 2008. Notwithstanding that the time constraints of CPLR 308 (4) were met, the respondent’s attorney challenges the court’s jurisdiction over his client on the additional ground that there was short service by one day, as the notice of petition required the respondent to appear in court on April 17, 2008 and service was not complete until the next day.
At first blush, it would appear that the respondent’s argument is correct, especially in light of DHPD’s position that CPLR 308 provides the proper method of service to be utilized in these special proceedings.
However, the provisions of the CPLR cannot be read in a vacuum when applied to the local courts and reference must be made, as in this instance, to the requisites of the CCA. In this regard, the court directs its attention to sections 409 (a) and 410 (b) of the CCA, which provide that proof of service of the notice of petition and petition must be filed with the clerk of the court and service of the summons (in special proceedings the “petition”) is complete upon filing of proof of service, respectively.
Moreover, as stated in CCA 2102, the provisions of the CPLR (i.e., section 308) regarding practice in Supreme Court shall apply in the civil/housing court “as far as the same can be made applicable and are not in conflict with this act.” Since the CCA *242 provides that service is complete upon proof of filing with the clerk where there is conspicuous service, the service herein was complete on April 8, 2008 and there is no additional 10-day waiting period as required under CPLR 308 (4). Therefore, process was timely served and the April 17, 2008 return date did not constitute short service depriving the court of jurisdiction over the respondent.
Assuming, arguendo, that the completion of service was one day after the date on which the respondent was to appear and answer the petition, based on this court’s recent decision in Djokic v Perez (22 Misc 3d 930 [2008]), the outcome would have been the same, as the defect would be de minimis and would not deprive the court of jurisdiction. As stated therein (22 Misc 3d at 937): “the filing is no longer the determinating factor in light of CCA 409 and the court [has the] ability to ‘disregard’ the late filing pursuant to CPLR 2001, where no substantive irregularities to service are raised and there is no prejudice to the parties.”
Accordingly, the respondent’s motion to dismiss on the ground that service of process did not comport with RPAPL 735 is denied.
This determination does not, however, conclude the court’s inquiry, based on the respondent’s allegations, as to whether the process server used “due diligence” to deliver the notice of petition and verified petition prior to “affixing” them to the door of respondent’s last known residence and whether he did, in fact, “affix” them to the door.
While counsel for DHPD maintains that the contradictory statements in the respondent’s affidavits are insufficient to rebut the process server’s sworn affidavit relying on Facey v Heyward (244 AD2d 452 [2d Dept 1997]) and Matter of Rosa v Board of Examiners of City of N.Y. (143 AD2d 351 [2d Dept 1988]), it should be noted that the Facey court was affirmed after conducting a hearing on whether the respondent received a copy of the summons and complaint in the mail, whereas the court in Matter of Rosa was reversed for not conducting a hearing.

. RPAPL 701 (1) provides: “Jurisdiction ... A special proceeding to recover real property may be maintained in a . . . court of civil jurisdiction in a city.”

. CCA 110 (“Housing part”) states:
“(a) A part of the court shall be devoted to actions and proceedings involving the enforcement of state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York, as follows:
“(1) Actions for the imposition and collection of civil penalties for violations of such laws . . .
“(7) Actions and proceedings for the removal of housing violations recorded pursuant to such laws, or for the imposition of such violation or for the stay of any penalty thereunder.”

. “[CPLR] § 308. Personal service upon a natural person . . .
“(4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend ‘personal and confidential’ and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing.” (Emphasis added.)

. Respondent’s motion for defective service was based on the provisions of RPAPL 735 which requires mailing within one day after conspicuous service by both registered or certified mail and regular first-class mail and filing within three days thereafter.