OPINION OF THE COURT
George M. Heymann, J.
On March 10, 2009, this court rendered a decision denying the respondent’s motion to dismiss the instant proceeding on the ground that there was short service of the notice of petition and petition but granted that branch of her motion seeking a traverse hearing (24 Misc 3d 237 [2009]).
The respondent had contended that the requirements of RPAPL 735 were not complied with and therefore the court did not have jurisdiction of the matter. In outlining the procedures that are utilized in commencing actions by the Department of Housing Preservation and Development (DHPD), the court held that the provisions of the CPLR and the New York City Civil Court Act are the ones to be followed and that the RPAPL is not applicable because it pertains to matters involving the possession of real property, as opposed to cases relating to the correction of violations in the premises, such as in the case at bar.
Thereafter, both sides moved for reargument — the petitioner, once again, maintaining that there is no basis for a traverse hearing and the respondent arguing that section 402 (b) of the CCA gives her “a statutory right to appear and answer thirty days after the proof of filing on April 8, 2008, to wit May 8, 2008, a far greater time frame than the date required by the CPLR, and 21 days after the return date of April 17, 2008” (respondent’s mem of law at 10 [emphasis added]).
On April 2, 2009, the court discussed the issues set forth in the respective motions with counsel for both parties and informed counsel for DHPD that it maintained its position that there were sufficient factual issues raised by the respondent (i.e., whether there was “due diligence” utilized in locating the whereabouts of the respondent) that could only be resolved by a traverse hearing. The court then directed its attention to the issue of when service was complete and whether respondent’s *805 contentions regarding the provisions of CCA 402 (b) required a result different than that previously reached by the court. After the conference, the court accepted submission of the papers to reconsider the question of “short service” of the notice of petition and petition vis-a-vis the return date of April 17, 2008 for the respondent to appear and answer the petition.
For the reasons set forth below, upon reargument, the court adheres to its original decision. In that decision, the court gave a detailed analysis of the interplay between the CPLR and the CCA regarding the commencement of Housing Part proceedings by DHPD after having determined that RPAPL 735 was not applicable to this type of proceeding.
As previously stated (24 Misc 3d at 241-242):
“[T]he provisions of the CPLR cannot be read in a vacuum when applied to the local courts and reference must be made, as in this instance, to the requisites of the CCA. In this regard, the court directs its attention to sections 409 (a) and 410 (b) of the CCA, which provide that proof of service of the notice of petition and petition must be filed with the clerk of the court and service of the summons (in special proceedings the ‘petition’) is complete upon filing of proof of service, respectively.
“Moreover, as stated in CCA 2102, the provisions of the CPLR (i.e., section 308) regarding practice in Supreme Court shall apply in the civil/housing court ‘as far as the same can be made applicable and are not in conflict with this act.’ Since the CCA provides that service is complete upon proof of filing with the clerk where there is conspicuous service, the service herein was complete on April 8, 2008 and there is no additional 10-day waiting period as required under CPLR 308 (4). Therefore, processes was timely served and the April 17, 2008 return date did not constitute short service depriving the court jurisdiction over the respondent.”
The respondent’s interpretation of section 402 (b) of the CCA, which forms the basis of this motion, is erroneous.
CCA 402 (b) provides that “[i]f the summons is served by any means other than personal delivery to the defendant within the city of New York, it shall provide that the defendant must appear and answer within thirty days after proof of service is filed with the clerk.” (Emphasis added.)
According to the respondent, “the first return date permissible would have been May 8, 2008 rather than April 18, 2008, *806 thirty days after proof of service was filed with the clerk, beyond the April 17, 2008 return date relied on by the petitioner.” (Emphasis added.)
Although CPLR 308 (4) states that service shall be complete 10 days after the filing of proof of service, under CCA 410 (b) service is complete upon filing of proof of service, not before and not any additional time thereafter. Thus, applying CCA 402 (b) as required, the date by which respondent must appear and answer the petition begins the day after the filing of proof of service and ends 30 days thereafter. Counsel’s argument that the time to appear and answer begins to run after the passage of 30 days is without foundation and distorts the clear and unequivocal meaning of the word “within.”
This is akin to the requirements of RPAPL 733 (1) (“notice of petition and petition shall be served at least five and not more than 12 days before the time at which the petition is noticed to be heard” [emphasis added]) or Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2), (3) (pertaining to notices of nonrenewal being served at least 90 and not more than 150 days prior to the expiration of the lease term).
In each of the above, service of the notices and/or pleadings must be effectuated within and between the time frames provided, not sooner and not later.
In the instant matter, the petitioner selected the date on which the respondent was to appear and answer and bears the burden to insure that it meets the time frames set forth in CPLR 308 (4). However, once the proof of service is filed with the clerk of the court, the provisions of CCA come into play and supercede the inconsistent provisions of the CPLR.
As stated in Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, CCA 402 [b], at 124):
“The section is preemptive to the extent of inconsistencies with other provisions of law, contained in the CPLR or elsewhere, that might without the instant section appear applicable and provide otherwise. They should be deemed superseded whenever there is a conflict. The same may be said of proof of service (NYCCCA § 409) and the completion of service (NYCCCA § 410). The scheme established by the instant and the cited sections is intended to cover the time to answer, the time within which proof of service must be filed, and the time when service is complete. When a CPLR or *807 other provision of law is being applied to a given practice or procedure, it may contain contrary specifications as to answering, filing, or deeming service complete. As to those matters, such provisions are superseded by the civil court act sections. Supersedure will not result, however, as to those matters on which the NYCCCA does not provide otherwise. Hence a given CPLR or other provision may be applicable in part and inapplicable in part. For example, service may be made under paragraphs (2) or (4) of CPLR § 308, the substituted service provisions. They have their own statements about when proof of service must be filed and when service is deemed complete. To the extent of any inconsistency with NYCCCA § 410 (b), which provides that service is complete ‘upon the filing of proof of service’, the CPLR gives way. As to when service is complete, NYCCCA § 410 (b) will govern, but that does not diminish the applicability in the civil court of other and consistent parts of CPLR 308, which is used in the civil court frequently.” (See Summit Jet Corp. v Meyers, 193 Misc 2d 480 [2002].)
Since service of the notice of petition and petition was completed on April 8, 2008, the date by which the respondent had to appear and answer fell between April 9, 2008 and May 8, 2008. The date of April 17, 2008 was clearly within the 30-day period after the filing of proof of service of the pleadings and, thus, there was no short service.
Accordingly, the motions to reargue are respectively denied.