Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about December 12, 2012, which granted respondents’ motion pursuant to CPLR 3211 (a) (8) to dismiss the petition to vacate an arbitration award, and denied petitioner’s motion to vacate the arbitration award as moot, unanimously affirmed, with costs.
Petitioner’s reliance on CPLR 7501 as the basis for conferring personal jurisdiction on the courts of this state is unavailing. Although in this matter there was a written agreement to arbitrate, the agreement provided that any arbitration was to be held in accordance with FINRA rules, which set the hearing location as Memphis, Tennessee (see Koob v IDS Fin. Servs., 213 AD2d 26 [1st Dept 1995]; cf. Summit Jet Corp. v Meyers, 193 Misc 2d 480, 481 [App Term, 2d Dept 2002]). The fact that several days of hearings were held in New York did not alter the parties’ agreement or change the official hearing location. Respondents did not consent to change the official hearing site; they merely acquiesced, for the convenience of the arbitrators, to hold several days of hearings in New York.
Furthermore, respondents’ travel to New York for the sole purpose of conducting the remaining hearing sessions from the Tennessee arbitration in the New York office of petitioner’s counsel was insufficient to establish personal jurisdiction, particularly where the cause of action at issue did not arise from those business transactions (CPLR 302 [a] [1]; see D&R Global Selections, S.L. v Bodega Olegario Falcón Piñeiro, 90 AD3d 403, 404 [1st Dept 2011]). Forcing respondents to defend their actions in New York solely because they agreed to accommodate the arbitrators’ request to hold the remaining hearings in New York, when New York law and New York courts had nothing to do with any previous proceedings, would also offend “traditional notions of fair play and substantial justice” (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 217 [2000] [internal quotation marks omitted]).
Since the motion court properly determined that it did not have personal jurisdiction over respondents, it was correct in denying, as moot, the petition to vacate the arbitral award.
Concur — Acosta, J.P, Renwick, Feinman and Clark, JJ.